IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES FERGUSON**                                                                         **PLAINTIFF**

**VERSUS**                                                 **CIVIL NO. 1:15-CV-16-HSO-RHW**

**JARITA BIVENS**                                                            **DEFENDANT**

**ORDER OVERRULING PLAINTIFF'S OBJECTION [34] AND
ADOPTING MAGISTRATE JUDGE WALKER'S REPORT
AND RECOMMENDATION [29], AND DENYING PLAINTIFF'S
MOTION [23] FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court for consideration of Plaintiff James Ferguson's Objection [34] to Magistrate Judge Walker's September 4, 2015, Report and Recommendation [29] recommending that Plaintiff James Ferguson's Motion [23] for Partial Summary Judgment be denied. After due consideration of the Objection [34], the Report and Recommendation [29], the Motion for Partial Summary Judgment [23], the record, and relevant legal authorities, the Court finds that Plaintiff's Objection [34] should be overruled, that Magistrate Judge Walker's Report and Recommendation [29] should be adopted as the finding of this Court, and that Plaintiff's Motion for Partial Summary Judgment [23] should be denied.

I.     BACKGROUND

On January 16, 2015, Plaintiff James Ferguson ("Plaintiff") filed a Complaint [1], apparently asserting a claim pursuant to 28 U.S.C. § 1983 for violations of civil rights, and naming Jarita Bivens as the only Defendant. The Complaint asserts that Defendant Jarita Bivens ("Defendant") violated Plaintiff's Constitutional

rights, "Eighth and Fourteenth Amendment Rights. Cruel and Unusual Punishment and Denied Due Process." Compl. [1] at 1-2. Plaintiff claims that on "March 2013 offender was placed in close custody due to 12 point." Compl. [1] at 2. Since that time, Plaintiff alleges he has been housed with other inmates classified as "close custody offenders," a majority of whom are violent and/or gang members, such that there is a high risk that Plaintiff will be assaulted or robbed. Plaintiff contends that he has repeatedly requested, or requests have been made on his behalf, to have his custody upgraded. Plaintiff asserts that all of these requests have been wrongfully denied by Defendant and argues that his classification should be upgraded from "C" to "B." Plaintiff also maintains that his due process rights were violated because he was transferred prior to being provided a hearing on two RVRs that were written against him on October 30, 2014.

On April 22, 2015, Magistrate Judge Walker entered an Order [8] requiring Plaintiff to respond to certain requests for additional information concerning his claims. Plaintiff's Response [10] was filed on May 11, 2015, and contends that in March 2013 Plaintiff's custody changed from "B to C," and that he only has twelve points, one point over the eleven point limit that puts him in close custody. Plaintiff also asserts that he was told he only had nine points which is not a sufficient basis to support the C classification, and that Defendant is improperly using his escape conviction and otherwise breaking MDOC rules to hold him in close custody. Plaintiff contends that there is a conspiracy between Bivens, whom he has never

2

met, and a Sergeant Salvage, who allegedly wrote two false RVRs on October 30, 2014.

On July 1, 2015, Plaintiff filed a Motion [23] for Partial Summary Judgment. The Motion asserts that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law as to Defendant's liability for violation of his due process rights.  On September 4, 2015, Magistrate Judge Walker issued his Report and Recommendation [29] that Plaintiff's Motion [23] be denied in that "Plaintiff's conclusory allegations against Bivens provide insufficient foundation for any finding that Ferguson is entitled to judgment as a matter of law in this case." R. & R. [29] at 4.

On September 21, 2015, Plaintiff filed his Objection [34] to the Report and Recommendation [29].  The Objection contends that offenders are entitled to a fair disciplinary hearing before punitive action can be taken, but that Defendant took disciplinary action against him, by punishing him on November 4, 2014, for the October 30, 2014, RVR's, prior to the hearing officer affirming the RVRs on November 19, 2014.  Plaintiff asserts that Defendant punished him for the RVRs by not upgrading his classification from "C" to "B."  Although Plaintiff acknowledges that he "understood and agreed" at the Omnibus hearing held in this case on June 16, 2015, that "prisoner classification issues do not state a claim under 1983," he argues that this admission applied only to the two denials for custody upgrade earlier in 2014 and not to Defendant"s November 4, 2014, denial of a custody

3

upgrade. Plaintiff argues that Defendant denied him due process by punishing him prior to a hearing on the RVRs. Plaintiff also asserts that Magistrate Judge Walker failed to take into consideration that Plaintiff filed a Motion [28] to Amend his Complaint to add a claim against the hearing officer, J. Loverette, for violating policy and not providing him with a fair hearing on the RVRs. Plaintiff asserts that "[d]ue process forbids official to convict prisoners of disciplinary offenses unless there is some evidence to support the charge." Objection [34] at 3.

## II.  DISCUSSION

A.  Standard of Review

Because Plaintiff objected to the Magistrate's Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Guste,* 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made"). A court is not required, however, to make new findings of fact independent of those made by the magistrate. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000)  Nor is a court required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Also, a court need not consider objections which are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

4

B.   Analysis

The Magistrate Judge was correct in concluding that Plaintiff's Motion for Partial Summary Judgment should be denied.  Plaintiff's Motion is essentially asking for a judgment against Defendant for refusing to upgrade his custody classification from "C" to "B."  As Plaintiff conceded in the June 16, 2015, Omnibus hearing, custody classifications do not state a claim under § 1983.  Objection [34] at 2-3; *see Tubwell v. Griffith*, 742 F.2d 250, 253 (5th Cir. 1984) ("Under Mississippi state law, the classification of inmates is the responsibility of the Department of Corrections, and an inmate has no right to a particular classification.  Miss. Code Ann. §§ 47-5-99 through 47-5-103.  Thus, Tubwell has no liberty interest in his custody classification.").

In his Objection, Plaintiff reasserts his claim that Defendant violated his due process rights because she punished him by not upgrading his classification from "C" to "B," on November 4, 2014, for the October 30, 2014, RVR's, prior to the hearing officer affirming the RVRs on November 19, 2014.  *Id*. at 3.  As set forth in the Report and Recommendation, Plaintiff's attempt to elevate his claim that he was denied a custody upgrade to a §1983 claim for denial of due process is futile. R&R [29] at 3.

The Fourteenth Amendment prohibits a state from depriving a person of life, liberty, or property without due process of law; however, because Plaintiff was convicted and incarcerated at all times relevant to his claim, "the conviction has

5

sufficiently extinguished the [Plaintiff's] liberty interest" and the State of Mississippi can incarcerate him in "any of its prisons." *Meacham v. Fano*, 427 U.S. 215, 223-225 (1976). Because Plaintiff has asserted a legally nonexistent interest as to his classification, "any alleged due process or other constitutional violation arising from his classification is indisputably meritless." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

Finally, Plaintiff points out that he filed a Motion [28] to Amend Complaint to add Hearing Officer J. Loverette, who ruled on the RVRs. The Court finds that Plaintiff's Motion to Amend has not been granted, the operative pleading remains Plaintiff's Complaint [1].

III. CONCLUSION

After a through review and consideration of Magistrate Judge Walker's Report and Recommendation [29], Plaintiff's Objection [34], and the record as a whole, the Court finds that Plaintiff's Objection is not well taken or supported by the record and should be overruled. The Court concludes that Magistrate Judge Walker's Report and Recommendation should be adopted as the opinion of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Objection [34] to Magistrate Judge Walker's Report and Recommendation [29] entered on September 4, 2015, is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Magistrate Judge

Walker's Report and Recommendation [29], entered in this case on September 4, 2015, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion [23] for Partial Summary Judgment is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of December, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE