IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES FERGUSON                                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION: 1:15cv16-HSO-RHW

JARITA BIVENS                                                                                    DEFENDANT

**REPORT AND RECOMMENDATION**

Before the Court are [31] the *pro se* Plaintiff's September 14, 2015 "motion to award judgment ... motion for partial summary judgment" in this prisoner civil rights lawsuit filed under 42 U.S.C. § 1983, and [36] Defendant Jarita Bivens' October 6, 2015 motion for summary judgment based on sovereign and qualified immunity. For the reasons which follow, the undersigned recommends that Plaintiff's motion be denied, and that Defendant's motion be granted and the case dismissed.

**Facts and Procedural History**

James Ferguson filed this lawsuit January 16, 2015, alleging Mississippi Department of Corrections employee Jarita Bivens violated his constitutional right to due process by denying him a custody classification upgrade. Ferguson's motion [31] is essentially a repetition of the same factual allegations and arguments presented in [23] his first motion for summary judgment filed July 1, 2015. By Report and Recommendation (R&R) of September 4, 2015, the undersigned recommended that Ferguson's first motion be denied, stating:

> There is no constitutional right to receive a certain classification while incarcerated. *Meacham v. Fano,* 427 U.S. 215 (1976). In *Tubwell v. Griffith*, 742 F.2d 250 (5th Cir. 1984), the Fifth Circuit held that Miss. Code Ann. §§ 47-5-99 to -103 (1972) creates no expectation of any particular classification. Inmates have neither a constitutionally protected property nor liberty interest in custodial classification. *Mikeska v. Collins*, 900 F.2d 833, 836 (5th Cir. 1990) (citing *Moody v. Baker*, 857 F.2d 256 (5th Cir. 1988), *cert. denied*, 488 U.S.

985 (1988)). Consequently, Ferguson's claim that Bivens denied him a classification or custody upgrade does not state a claim upon which relief may be granted, because Ferguson has no federally protected civil right or constitutional right to receive a certain classification while incarcerated. *Meachum v. Fano*, 427 U.S. 215 (1976). Ferguson cannot overcome this barrier by couching his denial of custody upgrade claim as one for denial of due process.

[29, p. 3] In addition, Ferguson conceded in a June 16, 2015 *Spears*/omnibus hearing that prisoner classification issues do not state a claim under § 1983.

After receiving the R&R, Ferguson filed motion [31] on September 14, 2015. He filed objections to the R&R September 21, 2015. [34] By Order [49] entered December 18, 2015, the District Court overruled Ferguson's objection, adopted the R&R and denied Ferguson's first motion for summary judgment. Because the motion now before the Court urges the same arguments based on the same facts as motion [23], the undersigned recommends that Ferguson's motion [31] be denied for the same reasons as his prior motion.

Defendant's motion [36] seeks summary judgment based on sovereign immunity insofar as Ferguson seeks monetary damages against Bivens in her official capacity, and qualified immunity as to any claims against Bivens in her individual capacity.

## Summary Judgment Standard

Under Rule 56(a), FED.R.CIV.P., summary judgment is to be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-

movant may not rest upon mere allegations or denials; conclusory allegations will not suffice to defeat a summary judgment motion. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  To rebut a properly supported motion for summary judgment, the opposing party must show by "significant probative evidence" that there exists a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  While facts and reasonable inferences are considered in the light most favorable to the nonmovant on a motion for summary judgment, the Court does not "in the absence of any proof, assume that the non-moving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Summary judgment is required if the party who would have the burden of proof at trial (Ferguson, in this case) cannot produce summary judgment evidence on an essential element of his claim. *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

## Law and Analysis

Bivens urges that plaintiff's claims against her in her official capacity are barred by Eleventh Amendment immunity, since Bivens is an employee of the Mississippi Department of Corrections (MDOC), an arm of the State of Mississippi which enjoys Eleventh Amendment[1] immunity. *Williams v. Mississippi Dept. of Corrections*, 2012 WL 2052101 at *1 (S.D. Miss. 2012).  In *Dandridge v. Mississippi*, 2009 WL 4940105, at *5 (S.D. Miss. 2009), the Court held, "Neither states nor officials of the state sued in their official capacity are amenable to suit under

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

42 U.S.C. § 1983 because they are not considered 'persons' within the meaning of the statute."

(citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)).

> The Fifth Circuit has stated: "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011)(internal citations omitted)). "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 122 S.Ct. 1640, 152 L.Ed. 2d 806 (2002)(citation omitted). Indeed, "[t]he amendment has been judicially construed to bar federal jurisdiction over suits brought against a state by its own citizens, despite the absence of language to that effect." *See*, *Jagnandan v. Giles*, 538 F.2d 1166, 1177 (5th Cir.), *cert. denied*, 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083(1977)(internal citations omitted). Both federal and state law claims are barred from being asserted against a state in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-21, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

*Yul Chu v. Mississippi State University*, 901 F.Supp.2d 761, 771 (N.D. Miss. 2012). The immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state," (*Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326 (5th Cir. 2002)), and "to state officials sued in their official capacities because such a suit is actually one against the state itself." *Yul Chu*, 901 F.Supp.2d at 771 (citations omitted). The undersigned finds Ferguson's lawsuit against Bivens in her official capacity is barred by Eleventh Amendment immunity because it is the functional equivalent of a suit against the State. *Will v. Michigan Department of State Police*, 491 U.S. at 71; *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012).

With respect to Ferguson's suit against Bivens in her individual capacity, Bivens asserts she is entitled to qualified immunity. While a state official such as Bivens may be sued for damages under § 1983 in her individual capacity even though the claim may arise out of official responsibilities, such officials "are entitled to assert the defense of qualified immunity for all acts and omissions which occur in the course of their official duties." *Gagne v. City of Galveston*, 805 F.2d 558, 559 (5th Cir. 1986). The doctrine of qualified immunity strikes a balance between

the need to hold public officials accountable for exercising power irresponsibly, and the need to shield from harassment, distraction and liability those officials who perform their duties reasonably. Qualified immunity protects government officials from liability for civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Federal courts evaluate qualified immunity claims under a two-prong analysis, considering (1) "whether a constitutional right would have been violated on the facts alleged" and (2) "whether the right was clearly established." *McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002); *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001), citing *Saucier v. Katz,* 533 U.S. 194, 200 (2001). When the allegations fail to establish that the officer violated a constitutional right, the officer is entitled to qualified immunity; if the allegations could make out a constitutional violation, the Court must determine whether the right was clearly established, *i.e.*, whether it would be clear to a reasonable officer that her conduct was unlawful in the situation she confronted. *Price*, 256 F.3d at 369. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Bivens is not required to prove she did not violate a clearly established right; the burden is on Ferguson to prove she did. *Estate of Davis v. City of North Richland* Hills, 406 F.3d 375, 380 (5th Cir. 2005); *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992). "Even if an official's conduct violates a constitutional right, [she] is entitled to qualified immunity if the conduct was objectively reasonable." *Salas v. Carpenter*, 980 F.2d at 310. "If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to immunity." *Id.*, citing *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992).

Ferguson bore "the burden of pleading a *prima facie* case, including the obligation of alleging 'detailed facts supporting the contention that the plea of immunity cannot be sustained.'" *Lynch v. Cannatella*, 810 F.2d 1363, 1376 (5th Cir. 1987), quoting *Morrison v. City of Baton Rouge*, 761 F.2d 242, 245 (5th Cir. 1985). "[W]here an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.'" *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.*, at 526.

In response to the motion, Ferguson continues to argue Bivens violated his due process rights by denying him a custody/classification upgrade. [40]  However, because there is no constitutional right to a particular classification,[2] due process is not implicated in Bivens' actions. Ferguson does not claim that Bivens had anything to do with the disciplinary proceedings on the allegedly false Rules Violation Reports which Ferguson claims led to his being denied a classification upgrade.  Indeed, Ferguson stated in his complaint, and testified in the screening hearing, that he had never met nor had any direct contact with Bivens.  No evidence presented to the Court indicates that Bivens was in any way personally involved in issuing or prosecuting RVRs against Ferguson.  Regardless of the manner in which he phrases it, Ferguson's complaint is that Bivens denied him a custody upgrade, to which, as a matter of law, he had no constitutionally protected right.  Consequently, Ferguson has failed to meet his burden under the

---

[2]*Meacham v. Fano*, 427 U.S. 215 (1976); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988); *Tubwell v. Griffith*, 742 F.2d 250, 253 (5th Cir. 1984).

first prong of the qualified immunity analysis, and the undersigned finds Bivens is entitled to qualified immunity.

## RECOMMENDATION

Based on the foregoing, the undersigned finds Ferguson's official capacity claims against Bivens are barred by Eleventh Amendment immunity, and Bivens is entitled to qualified immunity as to his individual capacity claims against her. The undersigned recommends that Ferguson's second summary judgment motion [31] be denied, that Bivens' motion for summary judgment [36] be granted, and that this case be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *L.U.Civ.R.*, a party has 14 days after being served a copy of this Report and Recommendation to serve on the other parties and file with the clerk of court his/her written objections to the Report and Recommendation, specifically identifying the findings, conclusions, and recommendations to which he/she objects. The District Court need not consider frivolous, conclusive, or general objections. A party must also submit his/her objections to the assigned District Judge. Within seven days of being served with objections, the opposing party must either serve and file a response or notify the District Judge that he/she does not intend to respond to the objection. Failure to file written objections within 14 days bars a party, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 26th day of May, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE