IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES FERGUSON                                                              PLAINTIFF

v.                                                   CIVIL NO. 1:15-CV-16-HSO-RHW

JARITA BIVENS                                                               DEFENDANT

**<u>MEMORANDUM OPINION AND ORDER OVERRULING
PLAINTIFF JAMES FERGUSON'S OBJECTIONS [67] AND
ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [58], DENYING PLAINTIFF JAMES
FERGUSON'S "MOTION TO AWARD JUDGMENTS MOTION FOR
PARTIAL SUMMARY JUDGMENT" [31], GRANTING DEFENDANT
JARITA BIVENS' MOTION FOR SUMMARY JUDGMENT [36],
AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE</u>**

This matter is before the Court for consideration of Plaintiff James Ferguson's Response and Objections [67] to United States Magistrate Judge Robert H. Walker's May 26, 2016, Report and Recommendation [58] recommending that Plaintiff James Ferguson's "Motion to Award Judgments Motion for Partial Summary Judgment" [31] be denied, that Defendant Jarita Bivens' Motion for Summary Judgment Based on Sovereign and Qualified Immunity [36] be granted, and that Plaintiff's Complaint be dismissed with prejudice.

After due consideration of the Response and Objections [67], the Magistrate Judge's Report and Recommendation [58], Plaintiff's Motion [31], Defendant's Motion [36], the record, and relevant legal authority, the Court finds that the Plaintiff's Response and Objections [67] should be overruled, that Magistrate Judge Walker's Report and Recommendation [58] should be adopted as the finding of this Court, that Plaintiff's Motion [31] should be denied, that Defendant's Motion [36]

should be granted, and that Plaintiff's Complaint [1] should be dismissed with prejudice.

## I. BACKGROUND

A. Procedural Background

On January 16, 2015, Plaintiff James Ferguson ("Plaintiff") filed this pro se Complaint [1], purporting to assert claims pursuant to 42 U.S.C. § 1983 for violations of his civil rights, and naming Jarita Bivens as the only Defendant. The Complaint alleges that Defendant Jarita Bivens ("Defendant") violated Plaintiff's "Eighth and Fourteenth Amendment Rights" by inflicting "Cruel and Unusual Punishment" and denying him due process while he was incarcerated. Compl. [1] at 1-2. Plaintiff claims that in "March 2013 offender was placed in close custody due to 12 point." Compl. [1] at 2. Since that time, Plaintiff alleges he has been housed with other inmates classified as "close custody offenders," a majority of whom are violent and/or gang members, such that there is a high risk that Plaintiff will be assaulted or robbed. Compl. [1] at 3. Plaintiff contends that he has repeatedly requested, or requests have been made on his behalf, to have his custody upgraded from "close custody" but that all of these requests have been wrongfully denied by Defendant. Compl. [1] at 2-6. Plaintiff also maintains that his due process rights were violated because he was transferred prior to being provided a hearing on two Rule Violation Reports ("RVRs") that were written against him on October 30, 2014. Compl. [1] at 2-6.

On April 22, 2015, Magistrate Judge Walker entered an Order [8] requiring Plaintiff to respond to certain requests for additional information concerning his claims.  Plaintiff's Response [10] was filed on May 11, 2015, and states that in March 2013 Plaintiff's custody changed from "B to C," and that he only has twelve points, one point over the eleven point limit that places him in close custody.  Resp. [10] at 2.  Plaintiff asserts that he was told he only had nine points, which is not a sufficient basis to support the "C" classification, and that Defendant is improperly using his escape conviction and otherwise breaking Mississippi Department of Corrections ("MDOC") rules to hold him in close custody.  Resp. [1] at 4, 12-13.  Plaintiff alleges the existence of a conspiracy between Bivens, whom he has never met, and a Sergeant Salvage, who allegedly wrote two false RVRs on October 30, 2014.  Resp. [10] at 12.

B.   <u>Plaintiff's "Motion to Award Judgments Motion for Partial Summary Judgment" [31], and Defendant's Motion for Summary Judgment [36]</u>

On September 14, 2015, Plaintiff filed a "Motion to Award Judgments Motion for Partial Summary Judgment" [31] arguing for the second time that he should be awarded partial summary judgment.[1]  Plaintiff asserts that "classification decisions are unconstitutional if they are done for unconstitutional reason [sic] such as

---

[1] Plaintiff filed his first Motion [23] for Partial Summary Judgment on July 1, 2015.  On December 18, 2015, the Court's Order [49] Overruling Plaintiff's Objection [34] and Adopting Magistrate Judge Walker's Report and Recommendation [29], and Denying Plaintiff's Motion [23] for Partial Summary Judgment was entered.  In the current Motion, Plaintiff raises the same arguments that were rejected by the Court in its December 18, 2015, Order [49].

retaliation," that Defendant denied Plaintiff his due process, and that Defendant acted with "malicious intent to cause harm." Mot. for J. [31] at 3.

On October 6, 2015, Defendant filed a Motion for Summary Judgment [36] Based Upon Sovereign and Qualified Immunity asserting that Plaintiff has no right to a "certain custody level or classification" such that Plaintiff's claim that Defendant violated Plaintiff's "constitutional rights by denying him a custody upgrade from C (high risk) to B (medium) custody" should be dismissed. Mot. for Summ. J. [36] at 1. Defendant proffers that, as an employee of the MDOC which is an official arm of the state, she is entitled to sovereign immunity from any official capacity claims. Mem. in Supp. [37] at 2-3. Defendant further asserts that she is immune from any claims against her in her individual capacity based upon qualified immunity in that Plaintiff has failed to allege the violation of a clearly established constitutional right because there is no constitutional right to a certain classification. Mem. in Supp. [37] at 4-8.

Plaintiff filed a Response [40] in opposition to Defendant's Motion for Summary Judgment [36] on October 19, 2015. Plaintiff argues that Defendant has misconstrued his claim to be that Defendant violated his constitutional rights by denying his custody upgrade from "C (high risk) to B (medium) custody." Resp. [40] at 1-4. Plaintiff asserts that his actual claim is that Defendant, together with a non-party, Hearing Officer J. Loverette, violated his due process rights by failing to follow the MDOC policy. Resp. [40] at 4. Specifically,

> Inmate Ferguson was recommended for custody upgrade. He received two false Rules Violation Reports. Five days later he was transfer [sic] to another facility, placed in lock-down unit, custody upgrade denied, before he was found guilty of any violation. Never allowed to be heard. Inmate Ferguson states that is a constitutional violation.

Resp. [40] at 5.

C.    <u>The Magistrate Judge's Report and Recommendation [58] and Plaintiff's Response and Objections [67]</u>

On May 26, 2016, Magistrate Judge Walker entered his Report and Recommendation [58] that Plaintiff's "Motion to Award Judgments Motion for Partial Summary Judgment" [31] be denied, that Defendant Jarita Bivens' Motion for Summary Judgment Based on Sovereign and Qualified Immunity [36] be granted, and that Plaintiff's Complaint be dismissed with prejudice. R. & R. [58] at 1. Magistrate Judge Walker determined that Plaintiff's current Motion [31] for Partial Summary Judgment amounted to a restatement of the factual allegations and arguments contained in his first Motion [23] and recommended the current Motion [31] be denied for the same reasons stated in a prior Report and Recommendation [29], which was adopted by this Court in its Order [49] dated December 18, 2015.

Next, the Magistrate Judge recommended that Defendant's Motion [36] for Summary Judgment be granted. Specifically, Plaintiff's official capacity claims should be dismissed in that Defendant enjoys sovereign immunity from them as an employee of MDOC, which is an official arm of the State of Mississippi. R. & R. [58] at 3-4. Likewise, Plaintiff's individual capacity claims should be dismissed because

5

Defendant is entitled to qualified immunity. R. & R. [58] at 5. The Magistrate Judge found that Plaintiff, in his Response [40] to Defendant's Motion, continues to argue that his constitutional rights were violated because Defendant denied him a custody/classification upgrade. R. & R. [58] at 6. Since there is no constitutional right to a particular classification, the Magistrate Judge found that Defendant did not violate Plaintiff's due process rights. R. & R. [58] at 4-7.

In his Response and Objections [67], Plaintiff contends that his Complaint is not about custody classification. Resp. and Obj. [67] at 2. Plaintiff maintains that Defendant violated his constitutional due process rights when she "denied offender Ferguson a Disciplinary Hearing" and then took punitive actions against him before he was found guilty of any crime. Resp. and Obj. [67] at 2-3. Further, Defendant "purposely and deliberately violated his Eight [sic] and Fourteenth Amendment rights, Cruel and Unusual Punishment and denied Due Process." Resp. and Obj. [67] at 1-2.

## II. DISCUSSION

A. Standard of Review

Because Plaintiff has objected to the Magistrate Judge's Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Guste,* 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are "entitled to a de novo review by an Article III

Judge as to those issues to which an objection is made"). A court is not required, however, to make new findings of fact independent of those made by a magistrate. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of a magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Also, a court need not consider objections which are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

B.  Analysis

In conducting a de novo review of Plaintiff's Motion [31], the Court finds that the Magistrate Judge was correct in concluding that Plaintiff's current Motion [31] should be denied. Plaintiff's current Motion [31] again asks for a judgment against Defendant for refusing to upgrade his custody classification from "C" to "B." As the Court stated in its prior Order [49], and as Plaintiff conceded at the June 16, 2015, Omnibus hearing in this case, *see* Obj. R. & R. [29] at 2-3, custody classifications do not state a claim under § 1983, *see Tubwell v. Griffith*, 742 F.2d 250, 253 (5th Cir. 1984) ("Under Mississippi state law, the classification of inmates is the responsibility of the Department of Corrections, and an inmate has no right to a particular classification. Miss. Code Ann. §§ 47-5-99 through 47-5-103. Thus, Tubwell has no liberty interest in his custody classification.").

As the Court held in its prior Order [49], the Fourteenth Amendment prohibits a state from depriving a person of life, liberty, or property without due

process of law; however, because Plaintiff was convicted and incarcerated at all times relevant to his claim, "the conviction has sufficiently extinguished the [Plaintiff's] liberty interest" and the State of Mississippi can incarcerate him in "any of its prisons." *Meacham v. Fano*, 427 U.S. 215, 223-25 (1976). Because Plaintiff has asserted a legally nonexistent interest as to his classification, "any alleged due process or other constitutional violation arising from his classification is indisputably meritless." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

Likewise, after a de novo review of Defendant's Motion for Summary Judgment Based on Sovereign and Qualified Immunity [36], the Court finds that the Magistrate Judge was correct in concluding that Defendant's Motion should be granted. Defendant is entitled to both sovereign and qualified immunity for the reasons set forth in the Report and Recommendation.

In his Response and Objections [67] to the Report and Recommendation [58], Plaintiff argues that the Magistrate Judge has misconstrued his Complaint to assert a claim based upon the failure to upgrade his custody classification when, in reality, his claim is that Defendant "purposely and deliberately violated his Eight [sic] and Fourteenth Amendment rights, Cruel and Unusual Punishment and denied Due Process." Resp. and Obj. [67] at 1-2. Plaintiff then reargues his denial of due process claim, contending that his true claim is predicated upon the resulting effect of the disciplinary hearing that was conducted in violation of the MDOC's own policies, which Plaintiff maintains led to the denial of the custody reclassification.

Resp. and Obj. [67] at 1-11.  Plaintiff further maintains that Defendant's actions in assigning him to different prisons constituted cruel and unusual punishment and her "motive custody classification, movement and transfer was retaliation."  Resp. and Obj. [67] at 6-11.

The Court finds that Plaintiff's attempt to bootstrap the alleged violation of MDOC's policy in conducting the hearing on the RVRs to the denial of his reclassification from "C" custody to "B" custody in an effort to create an alleged violation of his due process rights must fail.  The Fifth Circuit has held that

> [a]lthough lawful incarceration brings about the necessary withdrawal of many privileges and rights, prisoners do not shed all their rights at the prison gate.  In fact, the Supreme Court has recently reiterated and clarified which rights receive constitutional protection in *Sandin v. Conner*, [515] U.S. [472], 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).  The Court continued to follow its prior decision in *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), in holding that states may, under certain circumstances, create liberty interests which are protected by the Due Process Clause.  However, it held that these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner.  In coming to this conclusion, the Court first laid down the principle that the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner.  *Id.* [515] at [477-479], 115 S. Ct. at 2297 (citing *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976)).

*Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).  Plaintiff's Complaint asserts only that the alleged violation of MDOC's policies affected the "quality" of his incarceration, not its length, thus Plaintiff has failed to assert a due process violation.  Finally, the Court does not consider Plaintiff's assertion that Defendant's

actions were in "retaliation" in that this objection is frivolous, conclusive, and general in nature. *Battle,* 834 F.2d at 421.

After a thorough review and consideration of the Magistrate Judge's Report and Recommendation [58], Plaintiff's Response and Objections [67], and the record as a whole, the Court finds that Plaintiff's Response and Objections [67] is not well taken or supported by the record and should be overruled. The Court concludes that the Report and Recommendation [58] should be adopted as the opinion of this Court.

### III.  CONCLUSION

After a thorough de novo review and consideration of the Magistrate Judge's Report and Recommendation [58], the record as a whole, and relevant legal authority, the Court concludes Plaintiff's Response and Objections [67] should be overruled, and the Magistrate Judge's Report and Recommendation [58] should be adopted as the opinion of the Court.  Plaintiff James Ferguson's "Motion to Award Judgments Motion for Partial Summary Judgment" [31] will be denied, Defendant Jarita Bivens' Motion for Summary Judgment Based on Sovereign and Qualified Immunity [36] will be granted, and Plaintiff's Complaint will be dismissed with prejudice. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Response and Objections [67] to United States Magistrate Judge Robert Walker's Report and Recommendation [58] is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that United States Magistrate Judge Robert Walker's Report and Recommendation [58] entered on May 26, 2016, is **ADOPTED AS THE FINDING OF THIS COURT**; that Plaintiff's "Motion to Award Judgments Motion for Partial Summary Judgment" [31] is **DENIED**; that Defendant Jarita Bivens' Motion for Summary Judgment Based on Sovereign and Qualified Immunity [36] is **GRANTED**; and that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 12th day of July, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE